Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd. Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiff

FILED 2009 MAR -3 AM 9:24 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE J. TANNER, an individual, | Case No.: CV09-01490 RGK (JWJx) |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.; and CAPITAL ONE AUTO FINANCE; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1.  This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought by an individual consumer against Defendants for violations of various state and federal consumer protection statutes and common law torts.

//

14. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious (i.e. DOES), acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff. When the true names of the DOE Defendants are ascertained they will be substituted in.

## IV. FACTUAL ALLEGATIONS

15. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

16. In or around January 2007 Plaintiff's identity was stolen.

17. The identity thief obtained a loan from CAP ONE ("the Account") in Plaintiff's name to purchase an automobile.

18. In or around May 2007 Plaintiff discovered that she was the victim of identity theft and that CAP ONE claimed she had a balance due of approximately $23,000 on the Account.

19. In or around May 2007 Plaintiff promptly notified CAP ONE of the identity theft situation and requested that CAP ONE stop attempting collection from her on the Account and remove the negative entry on her credit file.

20. On July 6, 2007, Plaintiff sent via certified mail return receipt requested a letter to CAP ONE disputing the account and notifying CAP ONE of the identity theft. Plaintiff included a copy of her driver's license, a copy of a utility statement and a copy of an identity theft affidavit.

21. CAP ONE continued its collection attempts on the Account, which included but is not limited to, continuing to report the Account to Plaintiff's credit file, hiring a debt collector to pursue Plaintiff and falsely stating that they have Plaintiff's signature on file.

22. Plaintiff requested in writing that the erroneous credit information be corrected by CAP ONE.

23. Plaintiff disputed the erroneous information with a credit reporting agency (CRA).

24. The CRA forwarded the notice of the dispute to CAP ONE and CAP ONE failed to conduct a lawful investigate.

25. CAP ONE continues to report the Account on Plaintiff's credit file as "Charged Off as Bad Debt."

26. At a time unknown CAP ONE, or its agent, repossessed the vehicle that was purchased with the proceeds from the loan.

27. At the time CAP ONE sought to repossess the vehicle a representative from CAP ONE called Plaintiff and threatened to have Plaintiff arrested for grand theft and send the Kern County sheriff to her door or words to that effect.

28. At a time unknown CAP ONE sold the vehicle and transferred the deficiency between the sale price and the loan ("the Debt") to FAMS for collection.

29. FAMS then began a campaign of harassment in an effort to force Plaintiff to pay the Debt.

30. Plaintiff is informed and believes that although FAMS knew or should have know of the thief's identity, it made no efforts to contact or collect from that individual.

31. FAMS called Plaintiff approximately six times the first day it began collection.

32. FAMS continued to call with such persistence and frequency to constitute an invasion of privacy; frequently the caller refused to identify him/herself.

33. Eventually Plaintiff succumbed to the barrage of collection and agreed to pay the Debt to finally put an end to the matter and to relieve the extreme stress FAMS had created.

34. On November 30, 2007, Plaintiff and FAMS agreed to settle the debt for a payoff amount of $5,400.

35. On November 30, 2007, Plaintiff wired the money to FAMS.

36. After Plaintiff paid the Debt, FAMS continued to call and falsely stated that the $5,400 was not a payoff but merely a payment.

37. From December 2008 to February 2009 FAMS has continued to make harassing calls to Plaintiff approximately two or three times a week to collect the Debt.

38. In or around December 2008 a collector from FAMS told Plaintiff that FAMS could take plaintiff's property and attach her wages without having to first file suit, or words to that effect.

39. Plaintiff explained numerous times that she had paid the Debt and requested that the collection calls stop.

40. FAMS ignored Plaintiff's request and continues to call to this date.

41. As a result of the acts alleged above, Plaintiff suffered nausea, tension, worry, crying jags, loss of happiness, instability, inability to concentrate, severe stress and extreme emotional distress.

42. Defendants conduct caused an increase in Plaintiff's blood pressure and forced her to purchase medication.

43. Defendants conduct caused Plaintiff to begin seeing a therapist.

44. Defendants conduct also impacted Plaintiff's work performance.

45. Defendants wrongfully damaged Plaintiff's credit worthiness.

46. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. FIRST CLAIM FOR RELIEF

### (Against FAMS and DOES 1-5 for Violation of the FDCPA)

47. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

48. Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in

...

connection with the collection of the alleged debt;

(b) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(c) The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing his/her identity;

(d) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(e) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(f) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(g) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(h) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(i) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(j) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(k) The Defendants violated 15 U.S.C. § 1692(f)(6) by taking or threatening to unlawfully take the Plaintiff's property;

(l) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the

Plaintiff a validation notice within five days of the initial communication

49. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF
### (Against FAMS and DOES 1-5 for Violation of the Rosenthal Act)

50. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

51. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.10(e) by threatening any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law;

    (b) The Defendants violated California Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's identity;

    (c) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (d) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances; and

    (e) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

52. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

54. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.  THIRD CLAIM FOR RELIEF

### (Against CAP ONE for Violation of the Identity Theft Act)

55. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

56. Plaintiff is a victim of identity theft.

57. Plaintiff provided written notice to Defendant that a situation of identity theft may exist more than 30 days prior to the filing of this action.

58. Defendant failed to diligently investigate the Plaintiff's notification of a possible identity theft.

59. Defendant continued to pursue its claim against Plaintiff after Plaintiff presented facts pertaining to the identity theft.

60. Defendants are in violation of Civ. Code § 1798.92 *et seq.*

61. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

62. Defendants are liable to Plaintiff for a declaratory judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant to Civ. Code § 1798.92 *et seq.*

## VIII.  FOURTH CLAIM FOR RELIEF

### (Against CAP ONE for Violation of the FCRA)

63. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

64. CAP ONE violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681s-2(b) by continuing to report the Account to Plaintiff's credit file without including a notation

that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review all relevant information regarding the dispute; by failing to accurately respond to the CRA; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Account.

65. As a result of this conduct, action and inaction of CAP ONE, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

66. CAP ONE's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

67. The Plaintiff is entitled to recover costs and attorney's fees from CAP ONE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### IX.    FIFTH CLAIM FOR RELIEF
**(Against FAMS and DOES 1-5 for Invasion of Privacy: Intrusion Into Private Affairs)**

68. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

69. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

70. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

71. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

72. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

73. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

## X. SIXTH CLAIM FOR RELIEF

**(Against all Defendants for Intentional Infliction of Emotional Distress)**

74. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

75. Defendants willfully performed the aforesaid acts with the intent to abuse and coerce and create great mental and physical pain and damage to Plaintiff.

76. Plaintiff did in fact experience great mental and physical pain as a result of the acts of Defendants as alleged above.

77. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against FAMS for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(d) For punitive damages;

(e) For such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against CAP ONE for the following:

(a) A declaration that Plaintiff is not obligated to the Defendant on the Account pursuant to Civ. Code §1798.92(c)(1); and

(b) A declaration that any security interest or other interest the Defendant had purportedly obtained in the Plaintiff's property in connection with that claim is void and unenforceable pursuant to Civ. Code §1798.92(c)(2); and

(c) An injunction restraining the Defendant from collecting or attempting to

collect from the Plaintiff on that claim, from enforcing or attempting to enforce any security interest or other interest in the Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Civ.Code § 1798.92(c)(3); and

(d) Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate pursuant to Civ. Code § 1798.92(c)(5); and

(e) A civil penalty, in addition to any other damages, of up to thirty thousand dollars ($30,000) pursuant to Civ. Code § 1798.92(c)(6); and

(f) Actual damages;

(g) Costs and reasonable attorneys' fees;

(h) Punitive damages; and

(i) For such other and further relief as the Court may deem just and proper.

Date: 2/26/09

Jeremy S. Golden,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 2/26/09

Jeremy S. Golden,
Attorney for Plaintiff