FILED
CLERK, U.S. DISTRICT COURT
JUL 17 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

1  MARK L. KIEFER, ESQ., Bar #116633
2  NORMA PEDROZA CHÁVEZ, ESQ., Bar# 177736
   ERICKSEN ARBUTHNOT
3  835 Wilshire Boulevard, Suite 500
   Los Angeles, California 90017-2603
4  (213) 489-4411 / (213) 489-4332 Fax
   E-mail: mkiefer@ericksenarbuthnot.com

5  Attorneys for Defendants FINANCIAL ASSET MANAGEMENT
6  SYSTEMS AND CAPITAL ONE AUTO FINANCE

7                UNITED STATES DISTRICT COURT
8                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE J. TANNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.; and CAPITAL ONE AUTO FINANCE; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO: CV 09-01490 RGK (JWJx)<br><br>Assigned Judge: R. Gary Klausner<br><br>Assigned Discovery Magistrate Judge: Jeffrey W. Johnson<br><br>Trial: None Set<br><br>[PROPOSED] ORDER ON STIPULATION AND AGREED PROTECTIVE ORDER |

## ORDER

IT IS SO ORDERED that good cause exists to permit the parties to stipulate to the production and exchange of confidential discovery materials and other information in this action as set forth in the Stipulation and Agreed Protective Order and as set forth below.

1.

Certain discovery and/or testimony in this case is likely to involve materials which constitute, contain, or reveal confidential information of a business and/or financial nature concerning Defendants FAMS or COAF, Plaintiff or various non-parties. The unauthorized release of any such information could cause particular, significant harm to the parties and non-

parties.

**2.**

As used herein, "Producing Party" refers to any person or entity that produces documents or information in connection with this action, including Plaintiff, Defendants or any third party.

**3.**

As used herein, "Receiving Party" refers to the person or entity to whom a Producing Party produces any documents in connection with this action, including Plaintiff and Defendants.

**4.**

As used herein, "Designating Party" refers to any Producing Party that designates documents or information as Confidential pursuant to the terms of this Stipulation and Agreed Protective Order.

**5.**

All documents and information produced by any party or third party in connection with this action shall be used for the sole purpose of conducting the prosecution, defense or settlement of this action and any renewal or extension of this action, whether between these parties or additional parties. No information produced in this action may be used for any other purpose whatsoever, including but not limited to (a) the prosecution, defense or settlement of any unrelated action or (b) any business purpose whatsoever.

**6.**

<u>Confidential Information</u>: Any Producing Party may designate documents and other information produced in this action as "Confidential" if the Producing Party has a good faith belief that the document or information so designated constitutes (a) a trade secret or other confidential research, development or commercial information or information concerning internal

procedures and/or controls; (b) proprietary financial information concerning the Producing Party or its affiliates; or (c) other proprietary or confidential information that would not be available to the public or third parties outside the context of this litigation and the disclosure of which would cause injury to the Producing Party.

7.

A Designating Party may designate documents and information as "Confidential" as follows:

(a) <u>Documents</u>: A Designating Party may designate documents as "Confidential" by stamping the appropriate designation on the first page of the document or affixing a label with the appropriate designation on the first page of the document.

(b) <u>Deposition Testimony</u>: A Designating Party may designate depositions or any other pretrial testimony, the transcripts thereof, and the exhibits thereto as "Confidential" by a statement of counsel on the record. Alternatively, counsel for a Designating Party may provisionally designate the entirety of a witness's pretrial testimony, deposition transcript and/or exhibits thereto as Confidential until the Designating Party has had a reasonable opportunity to review a complete transcript of that testimony and serve more particular designations upon the other parties to this action.

(c) <u>Other Information</u>: A Designating Party may designate information that is produced in any other format, including electronic or magnetic form (i.e., information stored on computer disk) as "Confidential" by cover letter to accompany the material so designated; and

(d) In the event a Producing Party discovers that it has inadvertently produced material that it intended to designate as "Confidential" without such a designation, the party may so designate such material as "Confidential" by providing written notice to the Receiving Party. In such an instance, the material so designated shall be deemed as having been designated as Confidential from the time such notice is received.

## 8.

Altering a Confidentiality Designation

(a) <u>Challenges to Designations</u>: Should any party object to the designation of any information as "Confidential" by the other, the objecting party shall give written notice to the producing party of its objection. A party shall not be obligated to challenge the propriety of a designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge to any designation. In the event of such a challenge, the parties shall confer and attempt in good faith to resolve the disagreement. Following this conference, if the disagreement remains, the objecting party may apply to the Court for determination of whether the designated information should remain confidential; provided, however, that the producing party shall have the burden of proof as to the "Confidential" nature of the information. Until the Court rules on the issue, any information that has been produced and designated as "Confidential" shall be treated as designated, subject to the terms and restrictions of this Order.

(b) <u>Publication Through Other Means</u>: If any party believes that any "Confidential" documents or information has become public through other means, the party shall provide written notice to the Producing Party so that the parties can discuss whether the confidentiality designation should be withdrawn. If the parties cannot agree, they may seek the Court's guidance as set forth in Paragraph 9(a).

**9.**

<u>Disclosure of Confidential Information</u>: A Receiving Party may not disclose documents and information designated "Confidential" or otherwise make such material available to any person or entity other than:

(a) The Court and its staff, court reporter and the jury;

(b) The officers and employees of the Receiving Party, and of any parent or subsidiary of such Receiving Party, to the extent necessary to prosecute, defend or settle this action;

(c) Counsel to the Receiving Party, including in-house and outside legal counsel, and any attorneys, paralegals and other personnel actually working on this action under their supervision;

(d) Independent experts, consulting firms or other independent contractors employed to advise or assist counsel for any party in conjunction with this action, provided that such expert, consultant or contractor to whom the disclosure is to be made shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto;

(e) The author of the "Confidential" document or information, the addressee(s) or other recipient(s) thereof, or any person employed in a "Confidential" position by the party producing the "Confidential" Information at issue;

(f) Witnesses at trial, deposition or hearing in the ordinary course of examination; however, no Receiving Party may disclose "Confidential" information produced by another party to any non-party witness in advance of such examination unless the witness consents to be bound by the terms of this Order by executing the form of agreement attached hereto and in no event shall any non-party witness retain a copy of any Confidential Information; and

(g) Other persons as agreed by Designating Party or as ordered by

the Court.

**10.**

Notwithstanding anything contained in the foregoing paragraphs,

(a) Every person given access to "Confidential" documents or information shall first be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Agreed Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in Paragraph 9(b, d-g) above, who receive access to "Confidential" discovery material or information contained therein, shall first confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto; and

(b) "Confidential" documents and information may only be provided to persons listed in Paragraphs 9(d) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify or to assist counsel in the prosecution of this Litigation, provided that such expert or consultant is using said "Confidential" documents and information solely in connection with this Litigation, and further provided that such expert or consultant signs an agreement, in the form attached as Exhibit "A" hereto, agreeing (i) to be bound by the terms and conditions of this Stipulation and Agreed Protective Order, (ii) consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and (iii) agreeing not to disclose or use any "Confidential" documents or information for purposes other than those permitted hereunder. Such agreements shall be retained in the files of the counsel for the parties who have engaged such consultant or expert.

/ / /

/ / /

[PROPOSED] ORDER ON STIPULATION AND AGREED PROTECTIVE ORDER

**11.**

<u>Filing Confidential</u>: The parties shall make a good faith effort to avoid unnecessarily filing documents or revealing information designated "Confidential" in the public record.

(a) To the extent any party in good faith has reason to publicly file any paper with the Court containing "Confidential" documents or information, that party shall redact all "Confidential" information before filing a redacted submission with the Clerk of the Court in the ordinary manner. The party may also file an unredacted copy of the submission with "Confidential" information with Court under seal or submit an unredacted copy to the Court *in camera* or in such other manner as the parties may agree or the Court may direct. Any "Confidential" information filed under seal shall be submitted in a sealed envelope or container and shall be endorsed with the style of this proceeding and the words "Confidential, Subject to Protective Order — To Be Opened By Court Personnel Only."

(b) In the event any "Confidential" information or documents are filed under seal or submitted to the Court *in camera* as provided herein, the Designating Party shall have 10 business days to submit a motion to maintain the information under seal. The Clerk of Court is directed to maintain the "Confidential" information or documents under seal until the Court rules upon any such motion.

**12.**

Within ten (10) days following the final resolution of this action, the parties shall confer for the purpose of agreeing to return all "Confidential" documents or information produced during the course of this action, including all copies, summaries, descriptions, charts and notes made thereof, to the Producing Party. The parties agree that their respective counsel will affirm in writing that all "Confidential" and Highly Confidential information

in whatever form, and all copies thereof, has been returned or, by agreement, destroyed. Counsel for the opposing party will similarly acknowledge receipt of this affirmation in writing.

### 13.

Any Receiving Party that receives a subpoena or other legal process requesting production of information or documents that have been designated "Confidential" shall give prompt notice to the Producing and/or Designating Party and, prior to complying with such subpoena or other process, shall allow the Producing and/or Designating Party a reasonable time of not less than five (5) business days to seek a protective order.

### 14.

Inadvertent Production: The inadvertent or unintentional production by a party or non-party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including without limitation the attorney-client privilege, and the protection afforded by the attorney work-product doctrine. Within five (5) business days after receiving written notice from a producing party that privileged information, including copies or summaries thereof, has been inadvertently produced, the party receiving such notice shall: (a) return all such privileged information (including all copies or summaries of such privileged information) to the producing party; (b) destroy all notes concerning such privileged information; and (c) certify in writing to the producing party that it has complied with this paragraph. A party that returns privileged information after receipt of notice may retain information not claimed to be privileged that is sufficient to identify the document or other information that it returns. This paragraph shall not prejudice the right of any party to challenge a producing party's claim that information is privileged on any grounds.

///

**15.**

Nothing in this Stipulation and Agreed Protective Order shall restrict any Producing Party's ability to make any use or any disclosure of its own documents and information.

**16.**

Nothing in this Order shall prevent the use of any "Confidential" documents or information at trial. Nor shall anything in this Order preclude any party from petitioning the Court for additional or different relief with respect to documents and information produced in this action.

DATED: July 17, 2009

By: _____
The Honorable ~~Jeffrey W. Johnson~~ John E. McDermott